**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

SHAKIEM JOHNSON,

                        Plaintiff,

     v.                                               1:20-CV-764
                                                               (LEK/CFH)

MICHAEL J. FARGIONE, et al.,

                        Defendants.

---

**APPEARANCES:**
Shakiem Johnson
1201 4th Avenue
2nd Floor
Watervliet, New York 12189
Plaintiff pro se

**US MAGISTRATE JUDGE
CHRISTIAN F. HUMMEL**

## REPORT-RECOMMENDATION & ORDER

### I.    In Forma Pauperis Application

Plaintiff pro se Shakiem Johnson purported to commence this action on July 9, 2020, with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. Plaintiff also filed a motion to appoint counsel. Dkt. No. 3. The Court administratively closed the matter, providing plaintiff an opportunity to comply with the filing fee requirement or submit a complete IFP application. Dkt. No. 6. On October 27, 2020, plaintiff submitted a new IFP application and the Court reopened the matter. Dkt. No. 10. Presently before the Court is plaintiff's renewed application to proceed IFP. Dkt. No. 9. Based on the Court's review of plaintiff's IFP application, plaintiff financially qualifies to proceed IFP. Accordingly, plaintiff's IFP application is granted for purposes

of filing only. Dkt. No. 9.  Thus, the Court will proceed to its review of plaintiff's complaint.

## II. Initial Review

### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

3

F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

### B. Plaintiff's Complaint

Plaintiff alleges that he was arrested on February 6, 2017, pursuant to an invalid warrant.  See Dkt. No. 1.  Plaintiff argues that his arrest warrant was invalid because: (1) it listed two separate dates as the alleged illegal occurrence, (2) listed differing descriptions of the illegal substance allegedly found on plaintiff's person, and (3)

4

provided two separate addresses for locations of the illegal activity. See id. Plaintiff contends that defendants violated the Fourth and Fourteenth Constitutional amendments and Article 1 §§ 11, 12 of the New York State Constitution when they arrested or seized and searched him without a valid warrant. Dkt. No. 1 at 5-6. Plaintiff also appears to seek to set forth claims for false arrest or false imprisonment under New York State law.  Plaintiff also references an arrest that occurred in 1979 in Rochester, New York.  It is unclear what claims, if any, plaintiff seeks to bring in relation to the 1979 arrest or whether there was a conviction arising out of that arrest.

### C.  Analysis

Plaintiff's claims are all time barred by the statute of limitations. The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. Wallace v. Kato, 549 U.S. 384, 397 (2007) ( "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").  Federal constitutional claims accrue when the plaintiff "knows or has reason to know" of the injury that is the basis for his action. Pauk v. Bd. of Tr. of City Univ. of New York, 654 F.2d 856, 859 (2d Cir.1981); Connolly v. McCall, 254 F.3d 36, 40-41(2d Cir.2001). Plaintiff's claim accrued on February 6, 2017, the date of his arrest.  Thus, the statute of limitations expired three years later, on February 6, 2020.  Plaintiff purported to commence this action on July 9, 2020, which is more than five months after the expiration of the statute of limitations.

Plaintiff contends that New York State Governor Andrew Cuomo's "COVID extensions" should excuse his late filing and toll the statute of limitations because "[d]o [sic] to the world pandemic of the COVID-19 [Corona Virus], and the New York State Governor Cuomo, closing all Courts and other institutional businesses, I was unable to file such complaint and papers within said time, as dated." Dkt. No. 1-3 at 1.  Thus, plaintiff "request[s] that the Court, with permission, take this affidavit as a no fault doctrine, and allow the filing of said complaint, as I have stated a legal claim and a Cause of Action, along with an In Forma Pauperis Application." Id.

First, plaintiff fails to demonstrate that a New York State executive order applies to actions commenced in Federal court alleging violations of the U.S. Constitution, such as in the case at bar. Second, even assuming, arguendo, the statute of limitations could be said to have been tolled by the Governor Cuomo's Executive Order 202.67,[1] plaintiff fails to set forth any specific factual support to explain how the COVID pandemic prevented him from commencing this action prior to February 6, 2020.  Indeed, the pandemic-related lockdown or restrictions largely did not begin in New York until March 2020, and plaintiff's complaint fully fails to set forth any explanation as to why plaintiff was unable to request any of these relevant documents during any of the three years prior to the statute of limitation's expiration.  Indeed, plaintiff's alleged FOIL request is sworn to on January 21, 2020, a mere 16 days before the expiration of the statute of limitations.  Dkt. No. 1-2 at 1.[2]  It highly unlikely that plaintiff would have been able to

---

[1] Available at: https://www.governor.ny.gov/news/no-20267-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency (last visited Feb. 10, 2021).

[2]  For these same reasons – in addition to the Heck concerns discussed infra -- the undersigned concludes that equitable tolling should not apply. As an additional consideration, is well settled that "state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir.2007).  Under New York State law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of

6

have his FOIL request responded to and had all of the request papers in hand within 16 days even if the agency worked expeditiously on fulfilling his request. Further, plaintiff also fails to explain why he was unable to commence his action without the requested FOIL documents, as such documents should have been able to be requested through the discovery process.

Significantly, even if the statute of limitations could be tolled, plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's complaint suggests that he ultimately faced a criminal conviction associated with the crimes set forth in the arrest warrant at issue. Dkt. No. 1.[3] In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486-87. As this Court has held:

> Heck precludes a prisoner from using Section 1983 and/or Bivens as a vehicle to obtain damages where success on the particular constitutional claims alleged would necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. Poventud v. City of N.Y., 750 F.3d 121, 130 (2d Cir. 2014) (en banc). Thus, under Heck and its progeny, a Section 1983 and/or Bivens action "is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). "Disposition of the claims on Heck grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such

---

limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" Abbas v. Dixon, 480 F.3d at 642. Plaintiff makes no allegations that fraud, misrepresentations, or deception prevented him from timely commencing this action. See Dkt. No. 1.
[3] See New York State DOCCS Inmate lookup for Shakiem Johnson, available at: http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited Feb. 17, 2021).

7

> determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (quoting Heck, 512 U.S. at 487).

Peeples v. Fiorito, 3:19-CV-868 (TJM/TWD), 2021 WL 326450, at *4 (N.D.N.Y. Feb. 1, 2021).[4]

Plaintiff appears to attempt to claim an exception to Heck by referencing, in a footnote, that pursuant to Heck, plaintiff "can only challegne [sic] the 'INCEPTION' of his arrest, and the violation of being unlawfully seized.  Which under 42 U.S.C.A. §§ 1981 and 1985, ['i']s a deprivation of both State and Federal Const rights guaranteed and protected."  Compl. at 7.  Within his complaint, plaintiff contends that defendants "violated the New York and U.S. Const. at the 'INCEPTION' of the of [sic] a criminal prosecution that may have been wrongfull [sic]."  Id. at 6. Plaintiff's complaint utterly fails to demonstrate Heck's inapplicability.  The complaint does not plead that plaintiff has been acquitted or that his conviction associated with the February 6, 2017, arrest has been otherwise been "favorably terminated" by a court of law.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); McKithen v. Brown, 481 F.3d 89, 101 (2d Cir. 2007) ("[T]he governing standard for the application of the [ ]Heck exception ... is whether a prisoner's victory in a [section] 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence[.]" (emphasis omitted)).  Accordingly, as plaintiff seeks to

---

[4]  Unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

challenge defendants' search and seizure of him based on an alleged invalid warrant, a challenge which, if successful, would necessarily invalidate of his confinement and his conviction, he cannot proceed with such claims under Heck.  Thus, plaintiff's complaint must be dismissed.

Although Heck and its progeny suggests a Heck dismissal be without prejudice, the undersigned recommends that the matter be dismissed with prejudice and without opportunity to amend.  Even if plaintiff may, at a point in the future, be able to overcome the Heck bar,[5] he is still barred by the statute of limitations.  As plaintiff has set forth no legitimate argument for equitable tolling of the statute of limitations or reason for why Governor Cuomo's executive orders should apply, his claims relating to his February 6, 2017 arrest are also barred as the statute of limitations has expired.  Thus, the undersigned bases the dismissal recommendation on statute of limitation grounds.

Insofar as plaintiff makes a passing reference to a 1979 arrest in Rochester, New York, plaintiff fully fails to explain why his apparent claim relating to this over forty-year-old arrest and apparent conviction is not barred by the three-year statute of limitations.[6]

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

---

[5] "Disposition of the claims on Heck grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (quoting Heck, 512 U.S. at 487) (citations omitted).

[6] .Further, any resultant conviction associated with the 1979 matter would also be barred by Heck unless plaintiff showed favorable termination, as explained above.  However, this recommendation is also based on statue of limitation grounds.

**ORDERED**, that plaintiff's In Forma Pauperis application (Dkt. No. 9) be **GRANTED**[7] for purposes of filing; and it is further

**ORDERED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) be **DISMISSED AS MOOT**, and it is

**RECOMMENED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** and without opportunity to amend as barred by the statute of limitations.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[8]

Dated: February 17, 2021
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] Plaintiff will still be required to pay any fees or costs he may incur in this matter, including copying fees.
[8] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).

10